UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 02 CR 1050 |
| ) | Hon. James B. Zagel |
| JAMES MARCELLO ) | |

## GOVERNMENT'S OBJECTION TO
## MOTION FOR REDESIGNATION RECOMMENDATION

The UNITED STATES OF AMERICA, by its attorney, GARY S. SHAPIRO, United States Attorney for the Northern District of Illinois, hereby submits its objection to the defendant's motion for redesignation recommendation (the "Motion"). In support of this objection, the government respectfully represents as follows:

### BACKGROUND

On September 10, 2007, a jury in this district found defendant James Marcello guilty of rackteering conspiracy and related crimes. *See* Docket #673. On September 27, 2007, the jury further found that defendant Marcello was responsible for the murders of Anthony Spilotro and Michael Spilotro, and that the murders were "accompanied by exceptionally brutal behavior indicative of wanton cruelty." *See* Docket #717.

On March 3, 2009, the Court sentenced the defendant to life in prison. *See* Docket #1076. In its initial judgment, this Court made no designation recommendation to the Bureau of Prisons. *Id.* at 3.

On April 14, 2009, the Court entered an amended judgment as to defendant Marcello. *See* Docket #1132. In its amended judgment, the Court recommended that the defendant be placed in the maximum security institution in Terre Haute, Indiana.

The defendant was designated to a federal penitentiary located in Atwater, California. The defendant filed a motion to have this Court recommend that defendant Marcello be redesignated to a facility closer to his family, which this Court granted. *See* Docket #1197. The defendant was not redesignated based on this recommendation.

Although the Attorney General has sole discretion over where inmates are housed, and this Court's recommendations have no binding effect, *United States v. Gomez-Vieyra*, 112 Fed App'x 521, 524 (7th Cir. 2004), the defendant now suggests in his Motion that a third designation recommendation from this Court – made almost four years after sentencing – will succeed. *See* Motion at 2.

## ARGUMENT

Blackstone once wrote that "when judgment is once given and enrolled, no amendment is permitted in any subsequent term" of the court. 3 W. BLACKSTONE, COMMENTARIES *407-10 (Lewis ed. 1897). This restriction, known as the term rule, emanated from the sovereign himself. *Id.* Writing in 1840 in his capacity as a Circuit Justice, Justice Story announced that the power of the federal courts to amend a judgment that had already been entered was dependent on statute, and was only permitted by

statute to correct a clerical error. *Albers v. Whitney*, 1 F. Cas. 302, 302 (D. Mass. 1840). *Accord Poole v. Nixon*, 19 F. Cas. 992, 993-94, 997-98 (E.D. Pa. 1834).[1]

The Federal Rules of Criminal Procedure abolished the term rule, but "did not substitute indefiniteness. On the contrary, precise times, independent of the term, were prescribed. The policy of the Rules was not to extend power indefinitely but to confine it within constant time periods." *United States v. Smith*, 331 U.S. 469, 474 & n.2 (1947). Rule 35 supplies the limits on this Court's authority, by limiting its ability to once again amend its judgment to a period of 14 days after sentencing. Fed. R. Crim P. 35(a).

It is therefore apparent that Rule 35 prohibits this Court from amending its judgment to revise its designation recommendation. Almost four years have passed since the Court entered its amended judgment as to the defendant. This Court did not reserve any jurisdiction with respect to the terms of Marcello's confinement in its amended judgment as it did with regard to other matters, and therefore it is no longer possible for this Court to further amend it. *See United States v. Ceballos*, 671 F.3d 852, 853-54 (9th Cir. 2011) (district court lacks authority to amend its judgment to recommend an institution once time period in Rule 35 has elapsed). *See also United States v. Santiago*, 239 Fed. App'x 291, 293 (7th Cir. 2007) (sentencing court has no jurisdiction to reconsider a sentence except under Rule 35, which does not permit amendment of sentence merely because it has negative impact on family). Because this Court does not have authority to grant the relief

---

[1] *Bronson v. Schulten*, 104 U.S. (14 Otto) 410, 415, 417 (1881) (ability to amend judgments after term implicates the "*power* of the courts and not . . . the mode of procedure") (emphasis in original); *Wetmore v. Karrick*, 205 U.S. 141, 151 (1907) ("a few cases from this court may be noticed which support the general proposition that, at the end of the term at which judgment was rendered, the court loses jurisdiction of the cause") (citations omitted).

requested, and may not exercise its inherent authority to act in contravention of the Rules of Criminal Procedure, *Carlisle v. United States*, 517 U.S. 416, 425-26 (1996), the Motion should be dismissed.

WHEREFORE, the government respectfully requests that the Court enter an order (i) dismissing the motion; and (ii) granting the government such other and further relief as is just and proper.

Dated: February 18, 2013
Chicago, Illinois

                Respectfully submitted.

                GARY S. SHAPIRO
                United States Attorney

By: /s/ Amarjeet S. Bhachu 06236711
     AMARJEET S. BHACHU
     Assistant United States Attorney
     219 South Dearborn Street
     Fifth Floor
     Chicago, Illinois 60604
     (312) 469-6212

### CERTIFICATE OF SERVICE

       Amarjeet S. Bhachu, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached GOVERNMENT'S OBJECTION TO MOTION FOR REDESIGNATION RECOMMENDATION was served on February 18, 2013, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

       /s/ Amarjeet S. Bhachu 6236711
       AMARJEET S. BHACHU
       Assistant United States Attorney
       219 South Dearborn Street
       Fifth Floor
       Chicago, Illinois 60604